Cheryl Johnson-Hartwell (SBN 221063)
E-mail:  cjohnson-hartwell@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, 40th Floor
Los Angeles, California 90071-2942
Tel:  213.236.0600	Fax:  213.236.2700

Attorneys for Defendant
TRANSDEV ALTERNATIVE
SERVICES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NIGEL ESTERS, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>TRANSDEV ALTERNATIVE SERVICES, INC., a Delaware Corporation; and DOES 1 through 20,<br><br>    Defendants. | Case No. 2:25-cv-6907<br><br>**DEFENDANT TRANSDEV ALTERNATIVE SERVICES, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT [28 U.S.C. § 1441 (a)]**<br><br>[28 U.S.C. §§ 1441, 1446; 36 U.S.C. § 300105]<br><br>[Concurrently filed with Declaration of Cheryl Johnson-Hartwell; Civil Cover Sheet; Notice of Interested Parties; and Corporate Disclosure Statement] |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant TRANSDEV ALTERNATIVE SERVICES, INC. ("Transdev") hereby serves notice of its removal of the above-entitled action from the Superior Court of the State of California for the County of Los Angeles to the United Dates District Court for the Central District of California. This Notice of Removal avers as follows:

## I.    PLEADINGS AND PROCEEDINGS TO DATE

1.    On June 25, 2025, Plaintiff Nigel Esters ("Plaintiff") commenced a lawsuit in the Superior Court in the State of California, in and for the County of Los Angeles, entitled *Nigel Esters, an individual v. Transdev Alternative Services, Inc., a Delaware Corporation; and DOES 1 through 20*, Los Angeles Superior Court, Case No. 25STCV18442 ("Action").  (Declaration of Cheryl Johnson Hartwell "Johnson-Hartwell Decl.", ¶2.)

2.    On June 26, 2025, a copy of the Complaint in this Action was personally served on Transdev. (Johnson-Hartwell Decl., ¶3, Ex. A.)

3.    On July 25, 2025, Transdev filed its Answer. (Johnson-Hartwell Decl., ¶4, Ex. B.) Exhibit A and Exhibit B constitute all pleadings served on or filed by Transdev in this Action.  (Johnson-Hartwell Decl. at ¶5.)

## II.    TIMELINESS OF REMOVAL

4.    Under 28 U.S.C. § 1446(b)(1), "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

5.    This Notice of Removal is timely because it is filed on or before the July 28, 2025 deadline to file a responsive pleading.

## III.    BASIS FOR REMOVAL – DIVERSITY JURISDICTION

6.    The Action is a suit of a wholly civil nature brought in California court. Removal is based on diversity of citizenship under 28 U.S.C. §§ 1332(a) and 1441(a).

7.    This action is removable pursuant to 28 U.S.C. §§ 1332 and 1441 because the citizenship of the real parties in interest is completely diverse, and the amount in controversy based on Plaintiff's claims and damage allegations exceeds

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Los Angeles

2

Case No.
DEFENDANT'S NOTICE OF REMOVAL TO
FEDERAL COURT

the jurisdictional requirement of $75,000.00 exclusive of interest and costs.

### A.    The Parties are Citizens of Different States

8.    Complete diversity exists between all named parties. Plaintiff is a resident of California and Transdev is a resident of Maryland and Illinois.  There are no other named parties.

9.    Citizenship of the parties is determined by their citizenship status at the commencement of the action and when the case is removed.  28 U.S.C. § 1332(d)(7); *Strotek Corp. v. Air Transport Ass'n of Am.*, 300 F.3d 1129, 1131-32 (9th Cir. 2002).

10.    Plaintiff alleges in the Complaint that he was and is at all relevant times a resident of the State of California, County of Los Angeles.  (Ex. A, at ¶1.)

11.    A corporation is a citizen of any state where it is incorporated and where its principal place of business is located.  28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend,* 130 S.Ct. 1181, 1183084 (2010).

12.    Transdev is a corporation organized under the laws of Delaware and has its principal place of business in Illinois. (Johnson-Hartwell Decl. ¶6, Ex. C.) Thus, Transdev is a citizen of Delaware and Illinois. It is not a citizen of California.

13.    Transdev is the only named defendant in the Action.   DOES 1 through 20 are fictitious defendants. For purposes of removal, the citizenship of defendants sued under fictitious names shall be disregarded. See, 28 U.S.C. § 1441(a); *McCabe v. General Foods Corporation*, 811 F.2d 1336, 1339 (9th Cir. 1987).

### B.    Amount in Controversy

14.    An action may be removed to and remain in federal court where the defendant establishes, by a preponderance of the evidence, that the total amount in controversy exceeds the jurisdictional amount.  See, *Abrego v. Dow Chemical Co.*, 443 F. 3d 676, 683 (9th Cir. 2006); *Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F. 2d 489, 491 (9th Cir. 1972).  If defendant shows "it is more likely than not" that the amount in controversy exceeds $75,000, satisfying the requirements,

then the preponderance of the evidence test, is satisfied.  *Sanchez v. Monumental Life Ins. Co.*, 102 F. 3d 398, 404 (9th Cir. 1996).  The defendant must provide evidence showing that it is "more likely than not" that the amount in controversy exceeds that amount.  *Id*.

15.    To measure the amount in controversy, the Ninth Circuit instructs courts to first consider whether it is "facially apparent" from the complaint that the jurisdictional amount has been satisfied.  *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).  In measuring the amount in controversy, a court "must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint."  *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002) (internal quotations omitted).

16.    When determining whether the removing defendant has met this burden, the court may consider "facts presented in the removal petition as well as any summary-judgment-type evidence relevant to the amount in controversy at the time of removal…[c]onclusory allegations as to the amount in controversy are insufficient."  *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003) (citation and quotation marks omitted); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) ("[W]e reiterate that the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint.").  Additionally, the removing defendant may rely on "reasonable assumptions underlying the defendant's theory of damages exposure."  *Ibarra v. Manheim Investments, Inc*., 775 F.3d 1193, 1198 (9th Cir. 2015).

17.    For purposes of evaluating the total amount in controversy, the court must presume the plaintiff will prevail on each, and every claim.  *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 993, 1001 (C.D. Cal. 2002), citing *Burns v. Windsor Ins. Co.*, 31 F. 3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on liability"); in

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4

Case No.
DEFENDANT'S NOTICE OF REMOVAL TO
FEDERAL COURT

considering the aggregate reasonable amount in controversy, amounts sought for punitive damages are properly included as well. *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F. 2d 785, 787 (9th Cir. 1963).

18.     Plaintiff asserts six (6) distinct civil causes of action arising from his employment at Transdev, including alleged violations of the Fair Employment and Housing Act as well as wrongful termination. Specifically, Plaintiff alleges that he was discriminated against based on a disability, that Transdev failed to engage in the interactive process or to reasonably accommodate him, that Transdev failed to prevent discrimination against him, that Transdev retaliated against him for requesting accommodations and leave, and that Transdev wrongfully terminated him. (Ex. A at pp. 5-14.)

**C.     Past and Future Lost Wages**

19.     The Complaint alleges Plaintiff has suffered and continues to suffer a loss in earnings and other employment benefits. (Ex. A at ¶¶41, 50, 57, 66, 74, and 79.)

20.     Plaintiff alleges he was employed by Transdev from September 2024 to January 2, 2025. (Ex. A at ¶¶ 6, 31.) Plaintiff earned $24.00 per hour, or approximately $1,920 each two-week pay period. (Johnson-Hartwell Decl. at ¶7.) Prior to his termination, Plaintiff was a full-time employee who worked, on average, 80 hours per two-week period. (*Id*.) Between the alleged termination date and the date of this Notice, there have been approximately 30 weeks for which Plaintiff may claim lost pay, which amounts to approximately $28,800 ($24 per hour x 40 hours per week x 30 weeks).

21.     In the event Plaintiff is successful in his claims, he could also recover front pay for a period of time into the future. See *Traxler v. Multnomath County*, 596 F.3d 1007, 1015 (9th Cir. 2010) (upholding district court's decision to award nearly four (4) years of front pay in a wrongful termination suit); *Ackerman v. Western Elec. Co., Inc*., 643 F.Supp. 836, 856 (N.D. Cal. 1986) (finding three (3)

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Los Angeles

5

Case No.
DEFENDANT'S NOTICE OF REMOVAL TO
FEDERAL COURT

years of front pay appropriate in a discrimination case); *Rabago-Alvarez v. Dart Indus., Inc.*, 55 Cal.App.3d 91, 97–98 (1976) (awarding four (4) years of front pay from the date of termination); *Smith v. Brown-Forma Distillers Corp.*, 196 Cal.App.3d 503, 518 (1987) (upholding award of front pay until mandatory retirement age reached).  Even conservatively estimating that Plaintiff seeks front pay benefits for only the next two years, without factoring in any raises or pay increases, the amount of future wages in controversy in this case would amount to $99,840 ($960 per week x 104 weeks).  Combined, lost wages as of the date of this Notice, and front wages for two (2) years total $128,640 ($28,800 current lost wages + $99,840 two years front pay).

22.    Assuming trial is set within one year of the filing of his lawsuit, Plaintiff may claim lost pay in the amount of approximately $73,920 ($24 per hour x 40 hours per week x 77 weeks).  Combined, lost wages as of the date of trial, and front wages for two (2) years total $173,760 ($73,920 lost wages through June 2026 trial + $99,840 two years front pay).

## D.    Emotional Distress

23.    Plaintiff is also seeking to recover damages for "emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms."  (Ex. A at ¶¶ 42, 51, 58, 67, 73, 80.)  Plaintiff has not pled the emotional distress damages he seeks, but case law shows it is safe to assume the amount will exceed the jurisdictional minimum of $75,000.  *See e.g.*, *Lopez v. Canton Food Co.*, 22STCV10189 (Los Angeles Superior Ct. July 17, 2024) (plaintiff awarded $119,000 for noneconomic damages in a wrongful termination, failure to engage in interactive process, and failure to reasonably accommodate case); *Gatchalian v. Kaiser Foundation Hospitals & Kaiser Foundation Health Plan, Inc.*, 21STCV15300 (Los Angeles Superior Ct. Dec. 11, 2023) (awarding $9,000,000 in non-economic damages for retaliation); *Albano v. City of Los Angeles*, 20STCV35354 (Los Angeles Superior Ct. Nov. 28, 2022) (awarding

$1,000,000 in noneconomic damages for disability discrimination, failure to engage in the interactive process,); *Woods v. Greystar Management Services, LP*, BC670867 (Los Angeles Superior Ct. Aug. 4, 2017) (awarding $500,000 in past noneconomic damages for failure to accommodate).

### E.   Punitive Damages

24.   Plaintiff also seeks punitive damages for five of his causes of action. (Ex. A at ¶¶ 44, 53, 60, 69, 81, Prayer for Relief.)  Punitive damages are to be included in the amount in controversy analysis when they are sought in the operative complaint. *Haldiman v. Cont'l Cas. Co.*, 666 Fed. Appx. 612, 613–14 (9th Cir. 2016).  "It is well established that punitive damages are part of the amount in controversy in a civil action." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963).

25.   Punitive or exemplary damages are intended to punish and are often based upon a defendant's net worth.  The wealthier the defendant, the larger the award of exemplary damages needs to be in order to accomplish the statutory objective. *Bertero v. National General Corp.*, 13 Cal.3d 43, 65 (1974); *Weeks v. Baker & McKenzie*, 63 Cal.App.4th 1128, 1166 (1998); *Downey Savings & Loan Assn. v. Ohio Casualty Ins. Co.*, 189 Cal.App.3d 1072, 1099–1100 (1987).

26.   Transdev is the largest private sector operator of multiple modes of transit in North America and has over 100,000 employees globally.  (Johnson-Hartwell Decl., ¶8.)

27.   If the jury were to somehow find grounds for punitive damages against Transdev, it is more likely than not that the punitive damages award would greatly exceed $75,000 on its own. *Simmons v. PCR Technology*, 209 F.Supp.2d 1029 (N.D. Cal. 2002) (citing jury verdicts in employment discrimination cases in which the punitive damages awards ranged from $60,000 to $121,000,000).  Notably, the

/ / /

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

7

Case No.
DEFENDANT'S NOTICE OF REMOVAL TO
FEDERAL COURT

Simmons case is over twenty years old, which suggests that these awards are a conservative estimate for the present.

28.    In other FEHA cases, plaintiffs have been awarded well in excess of $75,000 in punitive damages alone.  In *Callahan v. Marriot International*, CGC-20-584599 (San Francisco Superior Ct. Sept. 21, 2023), the jury awarded $15,000,000 in punitive damages to an employee who sued for failure to provide accommodations and failure to engage in the interactive process. Similarly, in *Buron v. Occupational Health Centers of California*, 37-2021-00026852 (San Diego Superior Ct. Dec. 20, 2023), a plaintiff claiming that defendants interfered with her right to take job-protected CFRA leave, discriminated against her on the basis of associational disability and age, and retaliated against her for opposing the unlawful termination was awarded $7,810,000 in punitive damages.  Punitive damages in discrimination cases often exceed the jurisdictional minimum.

**F.    Attorney's Fees**

29.    Plaintiff is also seeking attorneys' fees for five causes of action.  (Ex. A at ¶¶ 43, 52, 59, 68, 75, Prayer for Relief.)  In *Galt G/S v. JSS Scandinavia*, the Ninth Circuit held that "where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).  Because attorneys' fees are recoverable to the prevailing party under Plaintiff's FEHA claims, the Court may consider the fees arising from time spent on Plaintiff's entire complaint in its computation of the jurisdictional amount in controversy.  *See* California Government Code § 12965; *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1010–11 (N.D. Cal. 2002) (in deciding amount in controversy issue, a court may estimate the amount of reasonable attorneys' fees likely to be recovered by plaintiff if he were to prevail).  Attorney fee awards in employment cases are typically six or even seven figures. *See e.g.*, *Young v. Dept. Of Public Social Services*, No. BC 609911, 2018 WL

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

8

Case No.
DEFENDANT'S NOTICE OF REMOVAL TO
FEDERAL COURT

11273737 (Cal.Super. Sep. 06, 2018) (awarding $1,054,494 in attorneys' fees in a routine FEHA case); *Monterroso v. Hydraulics Int'l Inc*., No. B299946, 2022 WL 33250 (Cal. Ct. App. Jan. 4, 2022) (affirming fee award of $625,000 in FEHA and CFRA case).

30.   Transdev does not concede that Plaintiff's claims have merit, and provides the foregoing totals only to demonstrate that the amount in controversy, based on damages asserted in Plaintiff's Complaint, far exceeds the $75,000 requirement for diversity jurisdiction.

31.   Accordingly, this Court has original jurisdiction in the Action under 28 U.S.C. § 1332 because: (1) there is complete diversity of citizenship between the parties; and (2) the amount in controversy exceeds $75,000.

## IV. THE PROCEDURAL REQUIREMENTS HAVE BEEN SATISFIED

32.   The Action has been removed to the proper district court. This action is pending in Los Angeles County, California.  Accordingly, under 28 U.S.C. § 1441, the United States District Court, Central District of California, is the proper forum for removal.

33.   After filing this Notice of Removal, Transdev will promptly serve written notice of this Notice of Removal on counsel for all adverse parties and file the same with the Clerk of the Superior Court of the State of California for the County of Los Angeles in accordance with 28 U.S.C. § 1446(d).

34.   True and correct copies of all process, pleadings, and orders served on the defendant in the action pending in the Superior Court of the State of California for the County of Los Angeles are attached hereto as Exhibit A.

## V.  NON-WAIVER OF DEFENSES

35.   By removing this action from the Superior Court of the State of California for the County of Los Angeles, Transdev does not waive any defenses available to it.

/ / /

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

9

Case No.
DEFENDANT'S NOTICE OF REMOVAL TO
FEDERAL COURT

36.     By removing this action from the Superior Court of the State of California for the County of Los Angeles, Transdev does not admit any of the allegations in plaintiff's complaint.

Dated:  July 28, 2025                    BURKE, WILLIAMS & SORENSEN, LLP


By: _____
                                         Cheryl Johnson-Hartwell
                                         Attorneys for Defendant
                                         TRANSDEV ALTERNATIVE
                                         SERVICES, INC.